CLARK v. CLARK.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

DIVORCE (§ 269*)—ALIMONY—MODIFICATION OF AGREEMENT—CONTEMPT.

    A divorced husband who had paid alimony according to the decree is not punishable for contempt for failure to pay according to a contract made after the decree, providing that the contract might be enforced by either party by any appropriate remedy, and that it should not preclude the wife from enforcing payment of the alimony in any manner allowed by law.

    [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 269.*]

    Scott and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Edith D. Clark against Louis V. Clark. From an order refusing to punish defendant for nonpayment of alimony, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Michael Schaap, for appellant.

Norman Johnson, for respondent.

―――――――

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J.  On the 16th of May, 1902, the plaintiff obtained a judgment of divorce which also awarded her as alimony the sum of $120 a month, which the defendant was directed to pay on or before the 1st day of each calendar month.  After the decree had been entered and on the same day, an agreement was executed by the defendant, which recites:

"That, a final judgment having been entered herein awarding plaintiff alimony at the rate of $120 a month, she, in consideration of the sum of $5,000, and other valuable consideration to her paid concurrently with the execution and delivery of this instrument, releases the defendant of and from all claim for such or any alimony except as provided in section 2 hereof."

Section 2 of the agreement provides that defendant will pay alimony at the rate of $40 per month from June, 1902, to May, 1903, and an increase of $10 per month each subsequent year until the monthly payments reach the amount provided for in the decree. The fourth paragraph of the agreement provides that:

"This agreement is intended as a contract, which, as such, may be enforced by either party against the other by any appropriate remedy in any proper jurisdiction.  This clause is not exclusive of plaintiff's right to enforce the payment of her alimony in any manner which the law shall allow."

The agreement does not appear to have been executed by the plaintiff.  Nevertheless she seems to have acted upon it.  Defendant paid to her the $5,000 and the alimony provided for in the agreement down to and including August, 1907, and thereafter neglected and refused to pay any further sum.  In April, 1908, the sum of $720 alimony being due under the agreement, the same was demanded of the defendant, which he refused to pay, and thereupon a motion was made to punish him for contempt.  The motion was denied, and the plaintiff appeals from the order.

The defendant could not be punished for contempt for violating the terms of the agreement.  The agreement was a contract and nothing else.  It recites that it was intended as a contract which might be enforced by either party by an appropriate remedy.  The appropriate remedy to enforce a contract is not by motion to punish for contempt for the violation of any of its terms, but by action, and that the parties had this in mind is evident from the fact that there is a provision in it to the effect that it should not prevent the plaintiff's right to enforce the payment of her alimony in any manner which the law allowed, which was but another way of saying she might proceed under the judgment if the defendant failed to pay the alimony as therein provided.  Therefore, when the motion was made to punish him for contempt, the inquiry was not whether he had paid as provided in the agreement, but, instead, whether he had complied with the direction of the court and paid the alimony as directed in the judgment.  He had more than paid the alimony as therein directed if the $5,000 paid when the agreement was signed is to be considered as a payment to apply upon alimony.  That this was its purpose seems to me clear.  It was, in effect, the payment of alimony in advance, so understood and intended by both parties.  Plaintiff gave up nothing by the agreement.

Had the payments been made as therein provided, she would have received as much or more alimony than she would under the judgment. But it is urged that she agreed that alimony should cease if she remarried. She made no such agreement. As we have already seen, the agreement was not signed by her. It is doubtless binding upon her so far as she has acted upon it, but it does not take the place of the judgment or prevent her from enforcing the same. The judgment has not been modified, and, until modified, she is entitled to alimony as therein provided.

I am of the opinion that the court properly denied the motion to punish defendant for contempt, and for that reason the order appealed from should be affirmed, but without costs.

CLARKE and HOUGHTON, JJ., concur.

SCOTT, J. (dissenting). The plaintiff appeals from an order denying her motion to punish defendant for a contempt for his refusal to pay installments of alimony directed to be paid by a final decree of absolute divorce. A sufficient demand and refusal are not questioned. The decree of divorce which was entered on May 16, 1902, awarded alimony to the plaintiff at the rate of $120 a month, which the defendant was directed to pay. On the same day the parties entered into an agreement which recited the above-mentioned decree and the provisions thereof for alimony, and wherein plaintiff agreed, in consideration of the sum of $5,000 then paid to her, to "release the defendant of and for all claims for such or any alimony except as provided in section 2 hereof." By section 2 the defendant agreed that "as and for alimony" he would pay the sum of $40 per month for each of the 12 calendar months immediately succeeding May, 1902; the sum of $50 for each of the next succeeding calendar months, and so on, the payments increasing by $10 per month in each successive year until May, 1910, after which the full sum of $120 per month was to be paid. The contract provided that, upon motion of defendant, the judgment might be modified at any time to conform to the agreement. No such modification, however, appears to have been obtained. The contract then contains this significant clause:

"This agreement is intended as a contract which, as such, may be enforced by either party against the other by any appropriate remedy in any proper jurisdiction. This clause is not exclusive of plaintiff's right to enforce the payment of her alimony in any manner which the law may allow."

The defendant has failed to pay the installments of alimony as provided by said decree, and modified by the foregoing agreement for the months between September, 1907, and May, 1908, both inclusive. His defense to plaintiff's demand, in which he has thus far been successful, is that the amount of alimony awarded by the decree would have amounted, at the rate of $120 a month, to only $8,250 up to May, 1908; that he had paid up to that time, including the lump sum of $5,000 paid as consideration for the foregoing agreement, the sum of $8,670, whereby, as he insists, no money whatever is now due to plaintiff. This contention on defendant's part seems to me to proceed upon an entire misconception of the purpose and effect of the agree-

ment between the parties. It did not purport to substitute the payments therein provided for in place of the alimony granted by the decree. Its effect was to leave that provision for alimony unimpaired, except that the plaintiff, in consideration of a lump sum, agreed in advance to release defendant from the payment of all of each month's allowance except the several amounts specified in the second clause of the contract. These amounts he still remained liable to pay, not because of any new agreement to do so, but because the decree so provided, and as to so much of the prescribed alimony he had not been released. His obligation to pay rests upon the decree. His partial release from that obligation is all that can be found in the contract, by which he expressly reserves to plaintiff the right to enforce payment of her alimony; i. e., so much thereof as she had not released, in any manner which the law shall allow. The contract does not speak of the $5,000 as a prepayment on account of alimony to become due, but, even assuming that it was so intended, the parties carefully provided how it should be applied—that is, in a graded reduction—over a period of 10 years, of the monthly payments prescribed by the decree. But for the agreement the defendant would be required to pay the plaintiff much more than she demands. He cannot interpose the agreement as a shield against full liability, and repudiate it as to the terms upon which such liability was reduced. If he had taken advantage of the authority reserved to him by the contract to apply for a modification of the decree, he surely could have obtained nothing more than a reduction of the monthly payments in accordance with the terms of the contract. He should not be held to less liability now.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, J., concurs.